Good morning. The inescapable irony of this case is that had the prosecution never committed a Brady violation and the district court simply adopted the magistrate's report and recommendation, my client, Mr. Dominguez, would be a free man today. And that's an important fact that I'd like this panel to think about it. The first time he stands trial, he's functionally acquitted. He's acquitted, Mr. Dominguez. The second time he stands trial, the prosecution withholds exculpatory evidence in violation of his constitutional rights. Now, their Brady violation is rewarding them with a third trial. If this court upholds the district court's ruling, it will set a precedent that the prosecution can use a Brady violation as a tool to defeat a double jeopardy claim. Now, the issue before this court is whether or not the state court's ruling mooted the double jeopardy claim. And it's really not that complicated of an issue. I think the definition of mootness is well settled. It's stated in People v. McCormick, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. If we decide it's not moot, then what? It gets sent back to the district court for a decision on the habeas. Okay, so I'm looking at the brief. Petitioner's response to the order requesting supplemental briefing? Yes. I'd just like some help with the theories here. On page 2, Petitioner concedes that the charges of murder and conspiracy are not the same offense under Blockberger. Right? Correct. Okay. And then it says, instead, Petitioner argues his double jeopardy claims do not fail because federal collateral estoppel, a legal concept that is embodied in the protection of double jeopardy bars retrial on the conspiracy count, understanding that in this third trial, he would only be on trial for conspiracy. Do you want to fill in the blanks here for me? So this is, I think, what the panel is asking about is related to the appellee's claim that this is some new theory that we've just raised for the first time. And I would dispute that. The case that I'm relying on insofar as collateral estoppel is Ash. Ash v. Swenson. And Ash v. Swenson is clear that collateral estoppel is just simply an extension of double jeopardy. There's no legal distinction between double jeopardy and collateral estoppel. Excuse me? There's no legal distinction? Is that what you said? That's correct. Well, then come back to page 2 of your brief here, or Petitioner's brief, that says the charge of murder and conspiracy to commit murder are not the same offense under Blockberger. Right. So under double jeopardy, under the Fifth Amendment, which is what Mr. Dominguez challenged in his appeal, he made a Fifth Amendment objection to the prosecution at virtually every stage of the State court, including a petition for review at the Supreme Court. But there is two But excuse me, right there, but not conspiracy, right? So there's going to be an exhaustion issue as well. When he went, took it up in the California court, he was talking about retrial for murder, yes? No, ma'am. He challenged the second prosecution on both charges. And in fact Did you say on both charges? Yes. Specifically conspiracy? Yes. And that's in the excerpts of the record. It's the SCR 151, SCR 88. Okay. All right. Don't let me take up your time. Go ahead. Yeah, no, it's a good question. The court, the appeal was challenging the trial. It said that the trial was precluded. The second trial was precluded. It said both charges are precluded. That's what the appeal said. It said Okay. I understand the point. Go ahead. Yes. So they were objecting to the trial occurring in any way at all, both on both charges. And the reason that the legal basis for the objection was double jeopardy, and that exhausted the claim as to both charges. But this petition was written in response to the district court's concern. She had the report and recommendation for the magistrate judge pre-Brady ruling. She had the report and recommendation from the magistrate judge, and she said, essentially, double jeopardy bars, retrial on the same offense. And this is new trials to be conspiracy only. And the briefing I was just reading from, I think, is the supplemental brief you submitted in response to that inquiry by the district court, right? She didn't say so much as that. She inquired further briefing on that issue. Now, I will say that that request for briefing occurred five days prior to the Brady reversal. So if the argument now from the appellee is that the Brady reversal somehow moots that question, I don't see how that can stand whatsoever, because that question was asked prior to the Brady violation. Now, I will It sort of brings you full circle to your argument that it is an irony, right, that there's had there not been this Brady violation, you'd have a very different picture here. Well, it's just a matter of timing, really. Right. I mean, who's first to the finish line is essentially what happened here. Had the magistrate, well, had the magistrate wrote the report and recommendation, had the trial court adopted the report and recommendation, there would be no further prosecution in this case. I do know that the district court would have adopted the report and recommendation. It didn't get that far. Correct. Okay. Yes, I agree with that. And to clarify what I was arguing earlier, that collateral estoppel, and I disagree with the appellee's legal argument that it, I think, I forget the exact words, but it's a related but distinct legal claim from double jeopardy. It is not. It is a double jeopardy claim. Collateral estoppel is quoted Here's the irony then. For collateral estoppel, because I think we're really pretty familiar with that concept, but in trial number two, your client was charged with murder and conspiracy to commit murder, and he was convicted of conspiracy to commit murder, right? He was convicted of all charges. Right. And you want to rely on collateral estoppel. You see my problem. I don't. You don't want him deemed convicted a second time, I take it. Correct. Exactly. Okay. You don't want him tried a second, a third time. The conspiracy charge necessarily relies on the theory that he's the shooter. The shooter. Yeah. There were no witnesses and still are no witnesses that identify him as one of the other two participants. You make that argument in the brief. You say that that was the theory in trial number one, that was the theory in trial number two. You're asserting that that will be the third theory and that the government hasn't denied that. Does that change your, does that matter for us here? It doesn't. It doesn't because the issues are identical. The issue before this court is mootness. It's whether his habeas petition is moot. And the issues with regard to collateral estoppel are identical whether or not the Brady violation has occurred. Do you want to reserve some time? Yes. Before you leave, are there questions my colleagues would like to ask at this point? No. Okay. Thank you. Thank you. Good morning, Your Honor. May it please the Court. I'm Kevin Vienne. I'm a California Deputy Attorney General for Respondent in this matter. Counsel, before we do anything, I want to make sure my notes reflect. When is this trial set to begin? Well, Mr. Sparadallosi told me that it appears to be stayed. The last document I had, which I included in the supplemental excerpts of record, said that the trial would begin on June 27th. I think that trial date has been vacated. But he's more familiar with it than I am. He told me that it was vacated while they resolved some discovery problems or issues. All right. Well, maybe when you come back. Because, of course, we all have a concern about interrupting state court proceedings. So please go right ahead. Opposing counsel said that but for the Brady violation grant of relief by the state court, his client would be free today. That's purely speculative and I believe incorrect for two reasons. Number one, I think the report and recommendation is quite clearly wrong in the application of the AEDPA. For failure to exhaust or what? No, I think the report and recommendation was incorrect in saying that the trial court in the first trial, when it entered the mistrial and granted dismissal, essentially, effectively acquitted Mr. Dominguez. Okay. What if we don't agree with you on that point? Well, I don't expect you to necessarily agree. I don't think we're going to resolve that matter today. But in addition. I appreciate it's your first point. Okay. Do you have a second one? Yes. The second one is that he assumes, and I'm not sure on what basis, that the conviction for conspiracy also would have evaporated. I simply don't see that. That's not addressed in any way in the report and recommendation. I think that is an unexhausted claim, as we indicated in our brief, and I think the fact that the district court asked for briefing on that made it clear that she wasn't, that Judge Beauchamp wasn't clear. Did you file, had you gotten around to, I think the timing was really tight. Had the state filed a supplemental brief in response to the district court's order? I have to say that I don't know the answer to that. I will check, and if the court would like, I'll reply in a letter. Okay. Opposing counsel is arguing. I bet the district court is having concern that the double jeopardy was going to bar retrial just for the same charge, and I appreciate he's relying on Ash, but I would just really value getting your response to that. Is it your position that it would have been necessary to exhaust to the California Supreme Court both those issues separately, or was it sufficient for a petitioner to argue you can't retry me, period? I think it's quite clear that the Ash issue is not exhausted. It's not coextensive with double jeopardy. Double jeopardy asks if there was an acquittal. Ash asks, Askin said, whether some fact was determined. Some identified fact was determined at an earlier proceeding, and I can't tell you what facts were decided. If you lose on the first issue about double jeopardy vis-a-vis murder, that the state superior court's comments were what had the illegal effect that opposing counsel characterizes, then the collateral stop argument puzzles me because, of course, there are different elements for conspiracy than there are for the murder charge. There are different elements. Again, I'm not sure what fact is resolved in the mistrial and dismissal, and beyond that what I would say is that it is not clear to me by any means that Ash extends to the declaration of a mistrial. Ash involved serial trials for serial victims in a single robbery in which the prosecution conceded that the fact of identity had been resolved in the first trial. We make no concession. And it is quite simply an interesting and, I think, complex issue and one that the district court decided properly not to wade into yet until properly presented, developed, and briefed and perhaps exhausted. But this was deemed moot, and that's really the first question on our decision tree. Is this moot? Yes, I think it's moot. The collateral consequences, well, I guess I'm unaware of an irony exception to mootness. So if we go beyond that, then the question on mootness is, is there some collateral consequence that exists following the vacation of the conviction? And my answer to that is no, there is not a collateral consequence following the extinct, the evaporation, the doing away of that conviction, because there is no conviction, and Spencer v. Kemner and related cases talk about the collateral consequences of a conviction. Right, but the easy answer that opposing counsel made is why not just convert it to a 2241? Otherwise, this person who had teed up a colorable, sorry, double jeopardy claim is now, his argument is deprived of a ruling on that because the state took a fall on the Brady issue. I don't see that he's deprived of a ruling. He is in a pretrial context with no existing conviction, and the way you challenge is. He is deprived of a ruling and potentially deprived of the opportunity to vindicate a federally guaranteed right, the right being to not be retried a third time in the first instance. He's not happy with just waiting to the outcome of this third trial to then come back and argue that he shouldn't have been tried. If the subsequent claims, if the claims regarding the conspiracy charge, whether Ash versus Swenson or some other dimension of collateral estoppel had been exhausted in the state courts, was at the time before the district court, then I don't think I would have much of an argument about converting it. That is, if we were simply ready to proceed on the remaining issues that we think are undeveloped and unexhausted, although it's difficult for us to tell because he never filed an amended petition saying these are the claims that we want to raise, and he's not precluded from doing that now simply by writing those down in a 2241 petition. The stakes are not weighty for the state here in this case. We think all of the issues that he wants to present, his effort to preclude a third trial, can occur in a properly filed 2241 petition, and then we can decide after he's identified those claims, the legal theories and the operative facts, whether those claims are exhausted or not. Why shouldn't the district court just convert it to a 2241, and then if there are exhaustion issues, then the district court could rule on whether those should be exhausted? I think it could do that. But I think what Judge Besant's position was, we don't know yet, and we still don't know six months later. What are the claims? What are the operative facts? What's the legal theory? And she was unwilling to wait for six months to find out what those are. I don't see that as an abuse of discretion, particularly where it has caused no harm, no harm to Mr. Dominguez. File the 2241 petition. It would have the exact same effect as a remand from this court, except we would then know what the claims are. Does it change the picture now if it, in fact, is the case that the state court trial is stayed? I don't think that the district court judge had that information in front of her. She was worried about a ticking clock. No, I think that happened just a couple of weeks ago, I believe. And opposing counsel, I'm sure, will update the court. Does that matter much? Well, this court, I think, has been quite accommodating to Mr. Dominguez, properly granting an expedited briefing schedule and expedited oral argument so that something might be done, if necessary, in advance of the commencement of trial. That simply is no longer looming. I don't know how that might have affected the district court. Fair enough. Judge Shea, any questions? No questions. Thank you. Thank you very much, counsel. Thank you. Counsel, you have two minutes, I think, on the clock or thereabouts. I can answer some of those questions. Thank you. Could you address what you said at the beginning, which was you did appeal both murder and conspiracy? I don't see that in the record. It's in the petition for review. It's also in the direct appeal. But in the petition for review, the Supreme Court, it's in the record as SCR 088. And I'll quote, Appellant's petition for review raises the issue of, quote, whether a trial court's dismissal of the charges for insufficient evidence following a hung jury prohibits retrial where the trial court believed the prosecution could still recharge the case. So it does not limit its claim to only a single charge but the trial as a whole. I will admit that there is a point heading in that same brief that does isolate murder. But I think that's the concern that the panel has and appellee counsel has. But the totality of that brief, it's clear that they're challenging the entire prosecution. And I think the context is related to a California statute called Penal Code 654. And I know that's not before this court. It's a state law. It's not a federal law. But in the context of that penal code, the appellate lawyer, it was well understood between all counsel that an acquittal would eviscerate any future prosecution under multiple theories, whether it's double jeopardy, collateral estoppel, and Penal Code 654. So quite frankly, that wasn't really a concern to isolate the individual charges for argument or limit the argument to a single charge. In fact, that wouldn't make much sense at all to argue that a murder was barred by double jeopardy but the conspiracy was not because the conspiracy had the same exact life sentence that the murder had and was simply stayed as far as punishment is concerned. The punishment on that count was stayed at sentencing. And so that would have been a feeble argument from the appellate attorney had he limited his challenge. But we have seen other feeble arguments by appellate attorneys that don't fairly, I mean, I'm not trying to be flip, but the question is whether the California Supreme Court was really fairly put on notice. The California Supreme Court and the California Court of Appeal made it clear that their ruling was based solely on the fact that they did not believe that Judge Frazier's pronouncement was an acquittal. Different issue. Judge Fisher is asking a different issue and I think I've made it clear I've got the same issue. Sure. Which is did the California Supreme Court, and so let's say, just pretend for a minute if you would, that I'll give you that question. I have questions about that ruling. But you still have an exhaustion issue and that's what we're trying to call your attention to. Was this issue fairly teed up to the, I mean, I assume that this petition was filed at a time before the new charges had been filed. Otherwise, surely conspiracy would have been mentioned in this petition, but I don't see it. The petition for review? Right. That was challenging the prosecution in totality. Well, you keep saying that. But Judge Fisher has called your attention to the fact that there's other places where it talks about murder. And is the word conspiracy in this petition? I'm not sure. I'd have to look at it. I know that. I didn't find it. And the reason I'm asking, just to be clear, and then I promise I'll give you a chance to talk, but the reason I'm asking, I assumed that this must have been filed before the new charges had been filed. But I don't know that. It was not. It was filed after the second trial where both murder and conspiracy to commit murder were convictions. That's right. That's right. So how do you get around that problem? Well, like I said, if you understand it in context, there's language in that pleading that challenges a retrial in general. It says retrial was barred. And I just read that. Prohibits retrial. And the word retrial is referring to all of the charges. Well, I think if I had been on the California Supreme Court, I might not have understood that I was being put on notice of this argument now. If we agree with you that this is not moot, and then there should have been a conversion to a 2241, or that you should be ordered to file one if you want to file one, should the federal habeas proceedings be stayed so that this can be exhausted in the California court? If that's what we're required to do, we will do that. But I will urge this court that if this conviction occurred, it occurred in 2010. It's now 2018. And I will note, and this is only collaterally relevant, but if there is an acquittal, state law would require that conspiracy not be charged. And this is not federal. This is state. So this court has no real say on that. But we are dealing with the same exact set of facts. And I wish this court, or I hope this court can see what's gone on here, that the district attorney and the attorney general came together and dismissed the murder charge for the new trial as a legal tactic so that they can make these same arguments that they're making to you today. I have a question about your petition for review before the California State Supreme Court. As I understand your argument, you're saying it was the trial itself which was on both conspiracy and murder charges. That's what was being challenged. And so because it was the trial itself on both charges, you brought it to their attention. And it was so understood by everybody involved. It was so understood. The only real issue they were litigating is whether or not an acquittal occurred, because if an acquittal occurred, double jeopardy would prevent either one or both charges, and Penal Code 654 under state law would have barred, without any question, would have barred the conspiracy charge as a charge that should have been charged because it comes from the same set of facts as the murder. And since the trial was on both charges. Correct. Then clearly everybody involved in the process understood you were challenging both charges. Yes. In fact, it would have made no sense for the appellate lawyer to only challenge the murder when the conspiracy to murder also comes with a 25-to-life sentence plus the 25-to-life enhancement. And yet the petition doesn't mention, right, conspiracy. And I think that at that point in the – well, I guess I've made my point. We had – the first trial was just murder. There was no question that the double jeopardy issue was going to encompass murder. Yes. The question was conspiracy. What – if we think this isn't moot, what ought we do? After all, you haven't filed a 2241. Well, I don't necessarily think that I haven't. The request for further briefing. Counsel, the district court shouldn't have to guess at whether you're filing a 2241. What is your intention? Yes. Are you asking for an opportunity to do that? Or in fairness, really, I would appreciate hearing what relief are you seeking. I would like it converted to a 2241 petition. In my response to the briefing that I filed in the habeas petition, I asked the court and urged the court to treat this as a pretrial habeas petition and urged the court that all the Brady violation did when the lower court, the state court, reversed the judgment, all that happened from a legal standpoint is the jurisdictional statute just changed. That's all that happened. So you're seeking an order for us remanding and directing the district court to convert this to a 2241 and then the action picks up right where she left off. Is that it? That would be one available option for this court, yes. It wasn't a trick question. Are you asking for some other relief? Well, I think the collateral consequences of the conviction are still ripe. The collateral consequences could be seen as the collateral consequences of not getting a conviction. I mean, excuse me, not getting an acquittal. The collateral consequences of not having an acquittal are cognizable for Mr. Dominguez. He has to face retrial because he did not obtain a ruling of acquittal, and that is, in fact, the collateral consequences that I would like to see addressed at the district court level. If they believe an acquittal occurred, that, and I think, and frankly, I think this court is almost there as well, if not already there, then that resolves essentially all issues in this case. You're way over your time. I am. Thank you. That's all right. I was just asking about relief you're seeking from us. You want a ruling that this is not moot and you want a direction that it be converted to  Are you looking for any other relief from us? Alternatively, I would like the court to address the 2254 insofar as there are still collateral consequences of not getting a conviction, but also, if that's not appropriate according to this court, to change the statutory grounds to a 2241. Thank you, counsel. Thank you both for your helpful arguments today.
judges: Fisher, Christen, Shea